NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAIL KNIGHT STEINBECK, Personal representative of Thomas Myles Steinbeck; BLAKE SMYLE, | No. 15-56375 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-08681-TJH-GJS |
| v. | MEMORANDUM* |
| WAVERLY SCOTT KAFFAGA; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted November 13, 2017**
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EATON,*** International Trade Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Appellants' motion for oral argument, Dkt. 64, is denied.

\*\*\* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

This is a suit by descendants of John Steinbeck's sons (the "Sons") about their ability to terminate and exploit copyrights of Steinbeck's literary works. The district court dismissed the action, finding it barred by collateral estoppel (issue preclusion). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

As the district court correctly noted, the parties have already litigated the precise issues raised in this suit "*ad nauseum*" in the Second Circuit. *See Steinbeck v. Steinbeck Heritage Found.*, 400 F. App'x 572 (2d Cir. 2010); *Penguin Grp. (USA) Inc. v. Steinbeck*, 537 F.3d 193 (2d Cir. 2008). The Second Circuit squarely held that a 1983 Settlement Agreement is "unambiguous and forecloses any argument that the parties intended the [Sons] to retain control over" the "exploitation and/or termination of rights in the works of John Steinbeck." *Steinbeck*, 400 F. App'x at 575. Moreover, a stipulated judgment entered in 2009 in the United States District Court for the Southern District of New York expressly provides that two of the termination notices at issue in this suit are invalid,[1] and that the 1983 Settlement Agreement binds the parties. *See* Stipulation & Order with Respect to Counterclaims & Intervenor Complaint at 4, *Steinbeck v. McIntosh & Otis, Inc.*, No. 04-CV-5497 (GBD) (S.D.N.Y. Dec. 2, 2009), ECF No. 140.

---

[1]    Because the parties already actually litigated the validity of *The Red Pony* and *The Long Valley* termination notices, claim preclusion also applies. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

The district court correctly concluded that the Sons already have fully litigated whether they have a right to issue and exploit copyright terminations of Steinbeck's works, and that the prior litigation held that the Sons do not have those rights. *See Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).[2]

**AFFIRMED**[3]

---

[2] The Sons fail to "specifically and distinctly" raise in their opening brief any argument about the district court's dismissal of the claims for copyright infringement for *Of Mice and Men*, rights to *The Grapes of Wrath* and *Tortilla Flat*, and the right to rescind the power of attorney granted to appellees and to terminate M&O as a literary agent. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). In addition to being barred by collateral estoppel, these issues are waived. *See id.* The Sons also argue for the first time on appeal that "[u]nder the Covenant of Good Faith and Fair Dealing [appellees] are required to pay [the Sons] the fair market value" for the license for a documentary of *The Grapes of Wrath*. Because this issue was not raised below, it is waived. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).

[3] We grant appellees' motion to take judicial notice, Dkt. 38.